## ILLINOIS CENTRAL RAILROAD COMPANY
### v.
## SALLIE NEER, ADMINISTRATRIX, ETC.

*Judgments and Decrees.*

A judgment of this court, reversing and not remanding the judgment of the Circuit Court, having been reversed by the Supreme Court because the finding of facts was not incorporated in the judgment, this court enters judgment *de novo*, and directs the clerk to incorporate the finding of facts in the judgment.

[Opinion filed July 5, 1892.]

APPEAL from the Circuit Court of Champaign County; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. S. WOOLFE, for appellant.

Messrs. GERE & PHILBRICK, for appellee.

*Per Curiam.* At a former term this case was before this court, and for reasons then stated (see 31 Ill. App. 126) the judgment of the Circuit Court was reversed, but the cause was not remanded. A finding of facts was prepared

and filed but was not incorporated in the judgment of reversal, as required by the statute. For that reason the Supreme Court reversed the judgment of this court and remanded the cause to this court with directions to render judgment *de novo*, and if this court should still be of opinion that on the record before it the judgment of the Circuit Court should be reversed, judgment of reversal should be entered and the facts found should be recited in such judgment.

We have accordingly considered the case anew and have reached the same conclusion, and for the reasons stated in the opinion when the case was last here. It is unnecessary to repeat what was then said. The judgment will be reversed, but the cause will not be remanded.

The clerk will recite in the judgment of reversal the finding of facts filed herewith.

*Judgment reversed.*

Finding of facts to be recited in the judgment:

The court doth find that this was an action brought by the appellee to recover from the appellant damages because of the death of said James A. Neer, caused and produced as alleged, by the negligence of the appellant, in which action the said appellee did recover of the said appellant the sum of $5,000 and costs of suit, and it is further found from the evidence in the record herein that the said James A. Neer was, at and before the time of his death, a locomotive engineer in the employ of the said appellant, that on that occasion he was in charge of a locomotive pulling a train of freight cars upon the road of the appellant, and that his death was caused by his running into the rear of another freight train then standing upon the main track of said road at Savoy Station; and it is further found that the said Neer had not been notified that the said train into which he so ran, was behind time, as it was, or that it was at Savoy; and it is further found that it was not in accordance with the general method and rule of said appellant to give notice of such fact to said Neer, but that by an express rule

of said appellant it was the duty of said Neer to approach said station carefully, expecting to find a train upon the main track, which said general method and rules of said appellant were well known to said Neer, who had long been in the service of said appellant, and which said general method and rules this court finds upon the evidence herein, to be reasonable and proper; and it is further found that said Neer in approaching the said station on said occasion did not do so carefully and expecting to find a train upon the main track, but approached the same carelessly and at a high rate of speed, and that by reason of his neglect to observe said rule he ran into the preceding train and lost his life thereby; and it is found that in the premises the said Neer acted with negligence and did not use ordinary care and that there was no negligence or want of care upon the part of the said appellant.